UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>JORNEL RIVERA<br><br>      Defendant. | CASE NO. 2:17-cr-146<br><br>JUDGE MARBLEY |

## UNITED STATES' SENTENCING MEMORANDUM

On May 10, 2018, the defendant pled guilty to Count One of a Superseding Information charging him with False Statements Relating to Health Care Matters, in violation of 18 U.S.C. §1035. Pursuant to a Rule 11(C)(1)(A) plea agreement, the parties agreed to the following United States Sentencing Guideline (Guideline) factors: 1) that the base level is 6; 2) the loss amount to the health care benefit programs is $999,949.78 resulting in a Guideline increase of 14 levels; 3) that as a provider to the health care benefit programs, the defendant abused a position of trust resulting in a Guideline increase of 2 additional levels. The Unites States also agreed that if the defendant continued to accept responsibility for the offense through sentencing, he would be entitled to a 3 level reduction.

In the Final Presentence Investigative Report (PSIR), the Probation Department correctly calculated the defendant's Guidelines at a Total Offense Level 19, Criminal History Category I, with a Guideline range of 30-37 months. The Probation Department is recommending a term of incarceration of 20 months, a downward deviation from the calculated Guideline range. For the reasons provided below, the United States is recommending a sentence within the calculated Guideline range of 30 to 37 months.

Legal and Statutory Framework for Sentencing.

After the Supreme Court's landmark decision in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory, and sentencing judges must now impose sentences in accordance with 18 U.S.C. § 3553(a), which describes Congress's federal sentencing goals and lists the factors that sentencing judges must consider. Although the Guidelines are no longer mandatory, a district court must still use the Guidelines to calculate a defendant's sentencing range and must consider this range when devising a sentence. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 596 (2007) ("[T]he Guidelines should be the starting point and the initial benchmark"). *Accord*, *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46. Further, in calculating the advisory Guidelines range, the sentencing judge must make factual findings using the preponderance of the evidence standard, just as before *Booker*. *See Rita*, 127 S. Ct. at 2465-66 (holding that the judicial fact-finding necessary to calculate the advisory Guidelines range does not violate the Sixth Amendment).

After calculating the advisory Guidelines range, the Court must consider that range along with all the factors listed in 18 U.S.C. § 3553(a) before arriving at the final sentence. The relevant 3553(a) factors as they relate to the instant case are discussed below:

A. Nature and Circumstances of the Offense.

The nature and circumstances of the offense in this case are serious.  In 2013, Dr. Rivera was employed as a physician at Clinic 5, a drug treatment clinic in Grandview, Ohio. While working at Clinic 5, the owners of Health and Wellness Pharmacy, Darrell Bryant and Gifty Kusi, recruited the defendant to sign prescriptions for  pain creams. The defendant agreed to sign prescriptions for pain creams, even though the defendant was not examining patients for whom

he was signing prescriptions or checking patients' medical records to verify the need for the pain creams.

Defendant as a licensed physician was in a position of trust and had a responsibility to provide his patients with quality medical care, including to provide services and medications that were necessary based on a thorough examination of the patient, review of the patients medical history and sound medical judgment.  Unfortunately, in this instance, defendant intentionally violated that trust when he prescribed pain creams for Clinic-5 patients without ever examining or seeing the patient and without reviewing the patient's medical history. Consequently, numerous Clinic -5 patients were receiving creams that they did not need or desire.  To make matters worse, the majority of prescriptions issued by the defendant included 12 refills, all of which were paid for by health care benefit programs for a total of approximately $1 million. The criminal conduct continued well into 2014  after Bryant and Kusi opened a medical clinic in Dublin, Ohio called the Health & Wellness Medical Center. Dr. Rivera, as medical director for Health and Wellness, continued to sign prescriptions for pain creams, as well as other compounded creams including scar creams. Dr. Rivera signed the prescriptions even though he was treating the patients for drug addiction with Suboxone, a controlled substance that is frequently used to treat opioid addiction. Similar to what occurred at Clinic -5, the defendant signed the prescription without examining the patients or properly determining the medical necessity of the creams.  As a licensed medical professional, defendant violated the trust of his patients as well as the health care benefit programs.

B.  History and Characteristics of the Defendant.

Defendant was raised in good home environment and is an intelligent and well educated medical professional who was capable of earning significant income without resorting to criminal activity.

C.  The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for fhe Law, and to Provide Just Punishment for the Offense..

The offense committed by the defendant in this case is very serious in that it involved the defendant using his position as a medical professional to engage in a fraud scheme that resulted in insurance companies paying for pain and other creams that were unnecessary. Even more concerning was that patients were told that the creams were free. Consequently, most patients were unaware that their insurance companies were being erroneously billed. A sentence within the calculated Guidelines would reflect the seriousness of the fraud, promote respect for the law and provide just punishment for defendant's conduct.

D.  To Afford Adequate Deterrence to Criminal Conduct.

The Defendant no longer works for Clinic-5 or Health and Wellness and will likely have his medical license revoked or suspended as a result of the instant conviction. Defendant will also be excluded from Federal health care benefit programs for a minimum of 5 years. Although it appears unlikely that the defendant will commit crimes of this nature in the future, a firm prison term is warranted to deter other similarly situated from engaging in fraudulent conduct and to protect the public from such schemes.

  E. <u>The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct</u>.

  Several defendants recently convicted of similar health care fraud related offenses in the Southern District of Ohio have received prison sentences that are consistent with the calculated Guideline range in this case.  In <u>United States v. Altalla</u>, Case No: 2:16-cr-128, the defendant, Riyad Altalla pled guilty to one count of conspiracy to commit health care fraud and one count of money laundering. The defendant received a sentence of 48 months based on a loss amount to the health care benefit programs of approximately $1 million.[1] In <u>United States v. Isakov</u>, Case No. 2:13-cr-295, the defendant was convicted of health care fraud involving between $400,000 and $1,000,000 dollars. After receiving a 2 level increase for abuse of a position of trust and 4 level increase for being an organizer and leader, the defendant was sentenced to a term of imprisonment of 42 months. In <u>United States v. McGrath</u>, Case no. 2:17-cr-125, the defendant pled guilty to one count of health care fraud and one count of failure to pay over tax. The loss amount to the health care benefit programs was between $1.5 million and 3.5 million, for which the defendant received a prison sentence of 36 months.  Although these cases involved Rule 11(c)(1)(C) plea agreements, the sentences imposed were consistent with the calculated Guideline range.  Furthermore, none of the defendants were licensed physicians who were responsible for providing medical treatment to patients.

  The United States believes that a sentence of 30 to 37 months followed by three years of supervised release is appropriate in this case and will avoid unwarranted sentencing disparities.

---

[1] Defendant's calculated criminal history was level III.

F.  The Kind of Sentences Available

False Statements Relating to Health Care Matters carries a maximum sentence of five years, a term of supervised release of not longer than three years and a fine not to exceed $250,000. Because the guideline range falls within Zone D of the Sentencing Table, the minimum term **must** be satisfied by a term of imprisonment. U.S.S.G. §5C1.1(f)

G.  The Sentencing Range Established for the Offense

The Total Offense Level is 19, Criminal History Category I, with a guideline range of 30 to 37 months. Pursuant to 18 U.S.C. §3583(a) and (b)(2), the term of supervised release shall be no more than three (3) years.

H.  Restitution

The parties have agreed to a restitution amount of $ $260,551.05 to be paid to the participating health care benefit programs.

Conclusion

The United States believes that a prison sentence of 30 to 37 months is a firm but fair sentence that would provide just punishment and hopefully deter defendant and others from engaging in similar conduct in the future. The sentence would also be sufficient, but not greater than necessary, to serve the interests in sentencing under all of the factors established in 18 United States Code §3553(a).

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Kenneth F. Affeldt
KENNETH F. AFFELDT (0052128)
Assistant United States Attorney
303 Marconi Boulevard;
Suite 200
Columbus, Ohio 43215
(614) 469-5715; Fax: (614) 469-2769
Ken.Affeldt @usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Government's Sentencing Memorandum was served this 6th day of September , electronically on Attorney Robert Cochran.

s/Kenneth F. Affeldt<br>
KENNETH F. AFFELDT (0052128)<br>
Assistant United States Attorney