IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | Case No. **2:17-cr-00146-1** |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | |
| **DARRELL L. BRYANT,** : | |
| : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Darrell L. Bryant's Motion for a Stay of Judgment Pending Appeal or, in the alternative, Motion for a Stay of Judgment for a Period of Time to Resolve Civil Suits. For the reasons set forth below, the Court **DENIES** the Motion [#150].

**II. BACKGROUND**

Following a jury trial, Defendant Darrell L. Bryant was convicted on three counts of Health Care Fraud, in violation of 18 U.S.C. § 1347, and one count of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349. Doc 140. Thereafter, he was sentenced to a term of eighty-four months in prison. Defendant has since filed an appeal of his conviction. Doc. 147. Subsequently, Defendant filed this Motion to stay his sentence pending the outcome of his appeal. Doc. 150.

### III. ANALYSIS

It appears Defendant is requesting that he be released from prison pending the outcome of the appeal of his criminal sentence. Indeed, he contends: "The appeals and post-conviction relief processes are lengthy in duration. I fear I will be incarcerated for a period longer than that required by the loss amount I am appealing for demands." The Court, therefore, construes this Motion as one under 18 U.S.C. § 3143.

Title 18 United States Code § 3143(b), in relevant part, provides:

[A] judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds—

> **A.** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> **B.** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>    i.   reversal,
>
>    ii.  an order for a new trial,
>
>    iii. a sentence that does not include a term of imprisonment, or
>
>    iv.  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Here, Defendant argues that the Court miscalculated the loss amount in this case which, in turn, would theoretically lead to a shorter sentence. Defendant maintains that he will likely succeed on his appeal challenging the loss amount for billing fraudulent counseling services because "the definition of CPT Code 90838 was misrepresented to the Court, the testimony is divided on the effectiveness of the counseling provided, and the codes for urinalysis and physician office visits for patients were unfairly added to the loss amount for counseling without any

evidence in the record that the urinalysis were not performed or that the patients were not seen by doctors during the physician visits." *See* Doc. 150 at 2. Additionally, Defendant argues that he will likely succeed on his appeal challenging the loss amount for compound creams because "there is no evidence in the record to demonstrate that claims for compounds associated with Dr. Oppong and Other Prescribers referenced in Government's Exhibit 300 were in any way fraudulent." *Id.* at 3.

On November 26, 2019, the Court conducted a full-day sentencing hearing, where it heard testimony and already considered Defendant's Objections to the evidence presented in support of his loss calculation. The Court Overruled each of Defendant's Objections and memorialized those findings in an eight-page Order. *See* Doc. 153. This was not a close decision, and nothing Defendant presents now leads the Court to conclude otherwise. *See United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) ("[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way.") (internal quotations and citation omitted).

Defendant has not carried his burden of demonstrating that his appeal will likely result in a reversal of his conviction, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence such that he faces the possibility of serving excess time in prison awaiting the outcome of his appeal. The Court fashioned an eighty-four-month sentence for Defendant that was well below his Sentencing Guidelines range. Thus, even assuming a substantial reduction in Defendant's Guidelines range following his appeal, Defendant faces little danger of serving excess time in prison awaiting the outcome of his appeal. Accordingly, the Court **DENIES** Defendant's Motion.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion for a Stay of Judgment Pending Appeal or, in the Alternative, Motion for a Stay of Judgment for a Period of Time to Resolve Civil Suits [#150].

**IT IS SO ORDERED.**

      /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 4, 2020**