IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:17-cr-00146-1 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| DARRELL L. BRYANT, : | |
| : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Darrell L. Bryant's Motion for Compassionate Release. Doc. 163. For the reasons set forth below, the Court **DENIES** Defendant's Motion [#163].

**II. BACKGROUND**

On December 18, 2020, following a jury trial, Defendant was found guilty on one count of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349, and three counts of Health Care Fraud, in violation of 18 U.S.C. § 1347. Doc. 89. On December 19, 2020, Defendant was released on bond pending sentencing. Doc. 112. Defendant, however, violated the terms of his release by continuing to engage in health care fraud, and was thereafter remanded to custody on March 21, 2020. Doc. 118. On June 14, 2019, the Court "reluctantly" reinstated Defendant's bond, so he could be present for his daughter's birth. Doc. 128.

On November 26, 2019, the Court sentenced Defendant to 84-months imprisonment followed by a three-year term of supervised release. Doc. 140. Defendant self-surrendered to the

1

custody of the Bureau of Prisons on January 3, 2020.  Defendant's expected release date is September 20, 2025.

Defendant has filed this Motion for Compassionate Release, citing the COVID-19 pandemic.  Defendant is currently incarcerated at FCI Elkton where, as of July 20, 2020, there are 318 active COVID-19 cases amongst inmates, 3 amongst staff, and 9 inmates have died.  Notably, Defendant tested positive for COVID-19 in June 2020 and has been placed in an isolation ward with roughly 150 other inmates.  Defendant attests that he continues to experience chest pain.  Though Defendant, who is 46-years old, does not identify any underlying health conditions that would make him particularly vulnerable to severe illness, he contends that the unknown risk associated with possible re-infection presents an extraordinary and compelling reason for his release.

### III. LAW AND ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), a sentencing court may -- "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility" -- reduce the defendant's term of imprisonment, after considering the applicable factors set forth in 18 U.S.C. § 3553, if extraordinary and compelling reasons warrant such a reduction.  18 U.S.C. § 3582(c)(1)(A).  In considering whether a defendant can satisfy the "extraordinary and compelling" reasons standard, this Court looks to the applicable Sentencing Commission Policy Statement found in U.S.S.G. § 1B1.13.  This Policy Statement sets forth four circumstances under which "extraordinary and compelling" reasons for release may exist, including:

(A) Medical Condition of the Defendant.

> . . .
>
> > (ii) The defendant is--
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n.1.

As a threshold matter, Defendant has exhausted his administrative remedies within the meaning of 18 U.S.C. § 3582(c)(1)(A). Defendant's written request for compassionate release to the warden of FCI Elkton was denied on April 29, 2020. *See* Doc. 164-1. Defendant then waited more than 30 days after the warden received his written request before filing this Motion with the Court on July 7, 2020. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his request to the prison.") (quoting 18 U.S.C. § 3582(c)(1)(A)).

Turning next to whether extraordinary and compelling reasons justify release, Defendant submits that the unknown risk associated with a possible re-infection meets that criteria. The Government, however, argues that because Defendant was already infected with COVID-19, and suffered little to no adverse effects, he is likely to have developed antibodies that enhance his immunity to COVID-19, thereby putting him at a much lower risk of severe illness should he be re-infected. *See United States v. Pinkston*, 2020 WL 3492035, at *2 (S.D. Ga. June 26, 2020) ("In

3

short, Pinkston's health was not sufficiently compromised by COVID-19 to qualify as a serious medical condition."); *United States v. Cabrera*, 2020 WL 2549941, at *4 (C.D. Ill. May 19, 2020) ("Because Defendant Cabrera remains asymptomatic despite testing positive for COVID-19, the risk of him suffering severe complications from the virus is significantly diminished compared to others in the BOP who have either not contracted the virus or who have contracted the virus and exhibited symptoms or complications."); *United States v. Zahn*, 2020 WL 3035795, at *2 (N.D. Cal. June 6, 2020) ("[T]he immediate threat to Zahn has passed, fortunately with no serious complications of any kind. That is enough to find that he has not proffered an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A)(i)); *United States v. Gregory*, 2020 WL 3036001, at *2 (N.D. Ill. June 5, 2020) ("[I]n light of Defendant's recovery and the fact that he does not dispute that he is now asymptomatic and fever free, and does not point to any current health problems as a result of having contracted Covid-19, the Court finds extraordinary and compelling reasons do not exist to order a sentence reduction under § 3582(c)(1)(A).").

It is true, as Defendant contends, that the risks associated with a possible re-infection of COVID-19 are not yet fully known. Indeed, this virus has only been present within the United States for just over six months, and health professionals are making new discoveries each day. Furthermore, FCI Elkton has not shown itself to be a model facility when it comes to protecting against the spread of COVID-19. But the purpose of the compassionate release mechanism, as it relates to COVID-19, is to remove from the prison environment the most vulnerable in our society. Defendant has not identified any underlying health conditions that put him in such a category, and his recovery from COVID-19, without any serious complications, demonstrates that his risk of severe illness is minimal. Therefore, Defendant has not demonstrated that extraordinary and compelling reasons justify his release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)

("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Moreover, even if Defendant had demonstrated an extraordinary and compelling reason for release, the Court must still consider the 18 U.S.C. § 3553(a) factors before granting such a release; namely, "the history and characteristics of the defendant." *See United States v. Agomuoh*, 2020 WL 2526113, at *7 (E.D. Mich. May 18, 2020) ("There are three components to a compassionate release merits analysis: 1) whether extraordinary and compelling reasons warrant a reduction in sentence, as described by the United States Sentencing Commission; 2) whether the § 3553(a) factors—"to the extent they are applicable"—render the reduction inappropriate; and 3) whether Defendant would be a danger to the public."). Here, the Court cannot ignore Defendant's track record of failing to comply with the terms of his supervised release. It took Defendant roughly three months to resume his criminal activity once the Court released him on bond pending sentencing. Should Defendant be released on home confinement, the Court is not convinced that he would refrain from further criminal conduct during the five-plus years remaining on his sentence. For all of these reasons, the Court **DENIES** Defendant's Motion.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendant's Motion for Compassionate Release [#163].

**IT IS SO ORDERED.**

                                         /s/ Algenon L. Marbley  
                                         **ALGENON L. MARBLEY**  
                                         **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 20, 2020**